IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

In re: Triad Guaranty Inc.
_____

| | | |
|---|---|---|
| Triad Guaranty Inc., | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C. A. No. 14-1464-GMS |
| | : | Bankruptcy Case No. 13-11452 (MFW) |
| Triad Guaranty Insurance Corp., et al., | : | AP No. 14-41 |
| | : | |
| Appellee. | : | |

## **RECOMMENDATION**

At Wilmington this **4th** day of **February, 2015**.

Pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, by Order dated December 8, 2014, the parties were to advise in a joint written submission their respective positions regarding mediation and the reasoning for their positions, including whether the parties were previously or presently involved in mediation or other ADR process. Consistent with that Order, the parties responded on December 29, 2014. Appellant requested a teleconference to discuss the appeal and the positions of the parties as set forth in their joint submission. Appellant felt that mediation would be helpful to provide a basis upon which the parties could resolve the appeal and permit the Appellant to propose a plan of reorganization. Appellees voiced

their opposite that mediation would not be helpful, noting the prior unsuccessful private mediation that occurred on December 18, 2013, before Judge Walrath's grant of summary judgment on Appellees' motion which is the issue on appeal. As a result, a teleconference was held on December 30, 2014 for further review and discussion with counsel to determine the appropriateness of mediation in this matter.

During the teleconference, Appellant related that it was in negotiations with a third party investor and requested some time to continue its negotiations which had involved exchanges of offers and demands. At that time, Appellant believed that substantial progress could occur before the end of January 2015. Appellees opposed Appellant's request noting their concern regarding further delay. They felt that mediation would not be successful and were concerned about the proposed April time frame for mediation and that further delay would negatively affect them. The court granted Appellant's request, but required it to provide an update of its negotiation progress by providing a copy of any executed term sheet and to make an demand to Appellees as soon as possible. Appellant was also ordered to update the status of its negotiations with the third party to the Court and Appellees by January 30, 2015. A teleconference was scheduled for February 2, 2015.

Thereafter on January 30, 2015, Appellant's update advised that discussions with the third party were on hold and no definitive documentation of any proposal had occurred. During the teleconference on February 2, 2015, Appellant advised it was exploring its options and requested an additional thirty (30) days in which to consider its options. Appellees opposed this request and reiterated its prior concerns regarding delay, incurring additional expense for mediation, when the initial mediation was

unsuccessful and the unsuccessful efforts of Appellant.

As a result of the above screening process, I find that the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. The parties were advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), F̴ED. R. C̴IV. P. 72(a) and D. D̴EL. LR 72.1. Presently, Appellant is reserving its right to file objections.

IT IS FURTHER RECOMMENDED at the parties' request, that if this matter is removed from mandatory mediation, the recently enacted amendments to the Federal Rules of Bankruptcy Procedure, effective December 1, 2014, specifically Rules 8014, 8015 and 8018 be suspended as allowed under Rule 8028 to avoid inconsistencies and to ensure that parties and the Court are operating under the same procedures for purposes of this appeal. As a result, the parties request setting a briefing schedule to begin after entry of an order by the District Court removing this matter from mandatory mediation as follows: Appellant's initial brief to be due twenty-eight days thereafter; Appellees' response to be due twenty-eight (28) days after Appellant's initial or opening brief; and Appellant's reply brief to be due fourteen (14) days after Appellees' answering brief.

Local counsel are obligated to inform out-of-state counsel of this Order.

                                              <u>/s/ Mary Pat Thynge</u>
                                              UNITED STATES MAGISTRATE JUDGE